IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Patricia Ann Barnes, | ) | C.A. No. 6:15-1778-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Verizon Wireless Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patricia Ann Barnes ("Barnes"), proceeding pro se, alleges that Verizon Wireless Corporation ("Verizon") violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. (See Compl. generally, ECF No. 1.) Verizon filed a motion for summary judgment. (Def. Mot. Summ. J., ECF No. 45.) Magistrate Judge McDonald recommends granting Verizon's motion for summary judgment. For the reasons provided below, the court adopts the magistrate judge's Report and Recommendation and grants Verizon's motion for summary judgment.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

# I. Factual and Procedural Background

Barnes was employed as a customer service trainer at Verizon's call center in Greenville, South Carolina. (Resp. Opp'n Def. Mot. Summ. J. Ex. 1 (Barnes Aff. ¶ 2), ECF No. 55-1.) In May 2012, when Barnes was on a medical leave of absence for a planned surgical procedure, she experienced an unrelated medical emergency, which required several additional months of recovery. (Def. Mot. Summ. J. Ex. 2 (Barnes Dep. 37-40), ECF No. 45-2.) Initially, Barnes received short-term disability under Verizon's disability plan, administered by Metlife. (Id. Ex. 2 (Barnes Dep. 37-40), ECF No. 45-2.) In November 2012, Barnes obtained long-term disability status based on her continued inability to work. (Id. Ex. 2 (Barnes Dep. 37-40), ECF No. 45-2.) Subsequently, Barnes' condition began to improve and in January 2013, she was able to return to work under a Work Place Arrangement ("WPA"), which granted Barnes several accommodations. (Id. Ex. 2 (Barnes Dep. 49-50, 54-58), ECF No. 45-2.) In April 2013, after several months of successfully working, Barnes and four other trainers were informed about a new certification program required for trainers, which Barnes does not dispute was an essential job function of the trainer position.[2] (Id. Ex. 2 (Barnes Dep.71-75), ECF No. 45-2; id. Ex. 3 (Barnes Dep. Ex. 6), ECF No. 45-3; id. Ex. 7 (Pl. Resp. to RFA ¶ 3), ECF No. 45-7; Resp. Opp'n Def. Mot. Summ. J. 6, ECF No. 55.)

Over the course of the next three months, Barnes was unable to successfully complete one portion of the new certification program due to cognitive issues resulting from a series of "mini-strokes," which form the basis for Barnes' disability discrimination allegations against

---

[2] Barnes only appears to dispute that the new certification program did not prevent her from performing other essential duties of a trainer. (Def. Mot. Summ. J. Ex. 7 (Pl. Resp. to RFA ¶ 20), ECF No. 45-7.)

Verizon. (Def. Mot. Summ. J. Ex. 2 (Barnes Dep. 96-97, 102, 106-7, 151-53, 166-67, 186-87, 201-03), ECF No. 45-2; id. Ex. 9 (Shields Aff. ¶¶ 12, 14, 17), ECF No. 45-9; id. Ex. 7 (Pl. Resp. to RFA ¶¶ 22-24), ECF No. 45-7; Resp. Opp'n Def. Mot. Summ. J. Ex. 1 (Barnes Aff. ¶¶ 11-18), ECF No. 55-1.) Barnes admitted on various occasions that her performance did not warrant a successful completion status. (Def. Mot. Summ. J. Ex. 2 (Barnes Dep. 102-05, 132-37), ECF No. 45-2; id. Ex. 7 (Pl. Resp. to RFA ¶¶ 24, 26), ECF No. 45-7.) Further, the record reflects and Barnes admitted that her supervisors provided multiple opportunities to retake the certification program, prepared development plans and performance improvement plans, offered face-to-face feedback, and advised her on methods to improve. (Id. Ex. 2 (Barnes Dep. 101, 109-14, 120-22, 151-53, 165-66, 172-73), ECF No. 45-2; id. Ex. 9 (Shields Aff. ¶¶ 13-14, 17), ECF No. 45-9; id. Ex. 7 (Pl. Resp. to RFA ¶¶ 21, 23, 25), ECF No. 45-7.) Moreover, Barnes admitted that her supervisors never said she could not continue attempting to complete the certification program. (Id. Ex. 2 (Barnes Dep. 172), ECF No. 45-2.)

On or about June 12, 2013, Barnes voluntarily left her employment with Verizon, and although Verizon technically retained her as an employee, Barnes was continuously out of work for the following six months and made no attempt to communicate with Verizon about her work status. (Id. Ex. 2 (Barnes Dep. 168-73, 191-92), ECF No. 45-2; id. Ex. 7 (Pl. Resp. to RFA ¶¶ 32-33), ECF No. 45-7; id. Ex. 8 (Bryson Aff. ¶¶ 16-17), ECF No. 45-8.) On or about December 12, 2013, after being contacted by one of her supervisors, Barnes stated she no longer needed any medical accommodations, because she was permanently unable to work and wished to retire with immediate effect. (Id. Ex. 2 (Barnes Dep. 196-97), ECF No. 45-2; id. Ex. 8 (Bryson Aff. ¶ 18), ECF No. 45-8.) On or about October 16, 2013, Barnes' long-term disability

status was denied, but was reinstated in June 2014 and made retroactive to January 29, 2013, which was the same day that Barnes initially returned to work following her original leave of absence. (Def. Mot. Summ. J. Ex. 2 (Barnes Dep. 198-200), ECF No. 45-2.) Barnes currently remains on long-term disability, and she has not sought other employment based on the limitations of her medical condition. (Id. Ex. 2 (Barnes Dep. 198-200), ECF No. 45-2; id. Ex. 7 (Pl. Resp. to RFA ¶ 43), ECF No. 45-7.)

On April 24, 2015, Barnes filed a complaint against Verizon alleging discrimination on the basis of her disability in violation of the ADA. (Compl., ECF No. 1.) Verizon filed the instant motion for summary judgment on January 19, 2016. (Def. Mot. Summ. J., ECF No. 45.) Barnes filed a response to the motion for summary judgment on March 28, 2016. (Resp. Opp'n Mot. Summ. J., ECF No. 55.) Verizon filed a reply on April 7, 2016. (Reply Supp. Def. Mot. Summ. J, ECF No. 57.) On June 24, 2016, the magistrate judge issued his Report and Recommendation, recommending Verizon's motion for summary judgment be granted. (Report & Recommendation, ECF No. 60.) After being granted one extension of time to respond, Barnes filed objections to the Report and Recommendation on July 26, 2016. (Objections, ECF No. 70.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

4

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Barnes' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims. However, the court was able to glean two specific objections. First, Barnes "objects to certain factual findings and omissions" in the Report and Recommendation. Barnes objects that the complete details of the WPA were omitted by Verizon, which would establish that she was covered by the WPA at the onset of her cognitive disability. (Objections 3, ECF No. 70.) Next, Barnes objects that the complete details of her successfully completing work requirements and training activity from January 2013 to April 2013 were omitted. (Id. 3-4, ECF No. 70.) Finally, Barnes objects to her supervisors' allegations that she did not provide them with information about her cognitive disability on May 10, 2013. (Id. 4-5, ECF No. 70.)

"To establish a prima facie case for failure to accommodate, [the plaintiff] must show: '(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position; and (4) that the employer refused to make such accommodations.'" Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 579 (4th Cir. 2015) (quoting Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (brackets and ellipsis omitted)). The magistrate judge recommends granting summary judgment, because Barnes fails to establish the third and fourth elements. None of Barnes' objections to the alleged factual findings or omissions are relevant in establishing the third or fourth element of her claim. Regardless of whether a WPA was in effect or whether Barnes was successfully able to

complete or perform some essential functions, the record indicates that (1) Barnes voluntarily left her employment with Verizon in June 2013, (2) she admitted that she could not perform one of the essential functions of her occupation, and (3) her supervisors gave her multiple opportunities to complete the certification program and provided guidance and assistance throughout the process.  Further, the Report and Recommendation accepts Barnes' allegations that she notified her supervisors of her cognitive disability in May 2013, but this only supports the second element of her prima facie case rather than the third or fourth elements.  Based on the foregoing, Barnes' objection on the basis of allegedly erroneous factual findings and omissions is without merit.

Second, Barnes objects to the finding in the Report and Recommendation that she has failed to establish all four elements of her prima facie case for failure to accommodate.  Under the third element, Barnes claims that her training position "is comprised of many essential job functions [that Verizon] could have allowed without posing a hardship."  (Objections 6, ECF No. 70.)  However, as the magistrate judge noted, "*removal* of an essential job function is not an accommodation capable of making a disabled employee a 'qualified individual.'"  (Report & Recommendation 16, ECF No. 60.)  An essential job function, by definition, is one that must be performed, as the "ADA does not require an employer to reallocate essential job functions or assign an employee 'permanent light duty.'"  Howell v. Holland, No. 4:13-CV-00295-RBH, 2015 WL 751590, at *8 (D.S.C. Feb. 23, 2015) (unpublished) (internal quotation marks omitted) (quoting Crabill v. Charlotte Mecklenburg Bd. of Educ., Nos. 10-1539, 10-1553, 2011 WL 1491230, at *8 (4th Cir. April 20, 2011)).

Under the fourth element, Barnes claims that Verizon failed to provide her with an accommodation, and instead, she only received a performance improvement plan to have her performance tested and evaluated. (Objections 7, ECF No. 70.) As set forth above, the record indicates that Barnes voluntarily left her employment with Verizon in June 2013 and that her supervisors gave her multiple opportunities to complete the certification program and provided guidance and assistance throughout the process. Further, there is no evidence that Verizon ever refused an accommodation for Barnes. Moreover, Barnes has failed to propose any reasonable accommodation that Verizon could have provided that would have allowed her to successfully complete the certification program. U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 400 (2002) (finding the plaintiff bears the burden of proving a reasonable accommodation). Based on the foregoing, Barnes' objection on the basis of the third and fourth elements of her prima facie case is without merit.

Lastly, the court adds that Barnes has made no attempt to explain the inconsistency in her disability representations she offered in pursuit of her long-term disability benefits, which she is still receiving, and her claim that she is a "qualified individual" capable of performing the essential functions of her training position with Verizon. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) ("[W]e hold that an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation."); E.E.O.C. v. Greater Baltimore Med. Ctr., Inc., No. 11-1593, 2012 WL 1302604, at *6 (4th Cir. Apr. 17, 2012) (unpublished); Collins v. Network Exp., Inc., Civ. Act. No. 4:07-1564-RBH, 2008 WL 4280382, at *5 (D.S.C. Sept. 12, 2008) (unpublished). This failure offers additional support for the court granting Verizon's motion for summary judgment.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Verizon's motion for summary judgment, docket number 45, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 3, 2016

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.